IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANK DMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 1666 |
| | ) | |
| DIRECT DISC NETWORK, INC., | ) | Judge Moran |
| LANCE H. ROBBINS, and | ) | |
| HARRY FEINGOLD, | ) | Magistrate Judge Valdez |
| Defendants. | ) | |

**RANK DMS, LLC'S ADDITIONAL OPPOSITION
TO PLAINTIFF'S MOTION TO VACATE DEFAULT ORDER
AND RENEWED MOTION FOR ENTRY OF JUDGMENT**

Plaintiff Rank DMS, LLC (f/k/a Deluxe Media Services, LLC) ("Rank"), by its attorneys, DLA Piper US LLP, hereby submits this Additional Opposition to Plaintiff's Motion to Vacate Default Order and renews its motion for entry of final judgment against Defendants Direct Disc Network, Inc. ("DDN"), and Lance Robbins ("Robbins"). Through this further opposition and renewed motion, Rank seeks to have this Court deny Defendants' pending Motion to Vacate Default Order and enter judgment in Rank's favor. In support of its further opposition and renewed motion, Rank states as follows:

1. Months after this Court entered a default order against Defendants Robbins and DDN, Defendants continue as before, failing to participate meaningfully in the litigation, providing incomplete or unresponsive answers to outstanding pleadings and discovery, blatantly ignoring this Court's repeated extensions, and being less than truthful about their alleged compliance. Defendants did not present justifiable reasons for their default back in November, yet this Court gave Defendants the benefit of the doubt and the opportunity to cure their default. That has not happened.

2. The Court issued its order of default on October 10, 2007 ("Default Order"). (Docket #79.) Shortly before the prove-up hearing on November 13, 2007, Defendant Robbins indicated an alleged intention to participate in this case after ignoring it for months. Based on Robbins's representations regarding the reasons for his default and his claim that he wanted to participate in this case, this Court gave him several repeated opportunities to cure his default by responding to Rank's Second Amended Complaint, providing overdue discovery responses, and producing documents. However, Robbins has not done almost any of the things that he told this Court he would do, and he has not demonstrated any legitimate inclination to participate actively in this case. Because Robbins's default continues and he has not provided any legitimate basis upon which the Court should vacate its Default Order, Rank seeks denial of Plaintiff's Motion to Set Aside the Default Judgment Pursuant to Fed. R. Civ. P. 55(c) ("Motion to Set Aside Default") (Docket #85) and for entry of judgment against DDN and Robbins, jointly and severally, in the amount of $3,007,168.91.

**Procedural History and Related Facts**

3. On August 23, 2007, this Court granted Rank's Motion for Leave to File Second Amended Complaint. (Motion at Docket #70; Order at Docket #75.) The Second Amended Complaint alleges counts of fraud and breach of contract against Robbins and DDN and also seeks declaratory relief against DDN. (Exhibit A to Docket #70.)

4. Robbins was originally required to answer the Second Amended Complaint by about September 12, 2007. At the status hearing on September 12, 2007, Rank's counsel advised the Court that Robbins had not yet filed an answer, and the Court directed that Robbins answer or otherwise plead on or before October 3, 2007. (Docket #77.)

5. On October 10, 2007, Rank orally advised this Court that Robbins had not answered the Second Amended Complaint and also had not responded to Rank's First Set of Interrogatories to Defendant Lance H. Robbins ("Interrogatories") and First Requests for Production of Documents to Defendant Lance H. Robbins ("Requests for Production"), which were served on July 6, 2007, or Rank's Requests for Admission to Defendant Lance H. Robbins ("Requests for Admission"), which were served on August 24, 2007. The Court granted Rank's oral motion for entry of default against Robbins and DDN and set a prove-up hearing for November 7, 2007. (Docket #79.)

6. Rank filed a Motion for Entry of Judgment in advance of the prove-up date. (Docket #80.) The Motion details Rank's damages in the form of payments it made to DDN, unpaid invoices for discs that it produced for DDN, and storage costs for products that were refused on delivery. (Docket #80.) Rank's damages total $3,007,168.91. (Id.)

7. The Court, on its own motion, continued the prove-up hearing to November 13, 2007. On the day of the prove-up hearing, Robbins filed his Motion to Set Aside Default. (Docket #85.) In his Motion and supporting affidavit, Robbins claimed that he had good cause for failing to respond to discovery and for failing to attend the October 10, 2007, status conference, emphasizing his pro se status and stating that he had recently been caring for his sick parents. He did not mention his failure to answer the Second Amended Complaint or his failure to attend any other status conferences. Rank filed an opposition to this Motion, explaining that Robbins had not stated any legitimate legal or factual basis for this Court to vacate the default. (Docket #84.)

8. At the prove-up hearing on November 13, 2007, the Court did not rule on either Rank's Motion for Entry of Judgment or Robbins's Motion to Set Aside Default, instead

continuing both motions and ordering that Robbins respond to outstanding discovery requests and answer the Second Amended Complaint before December 18, 2007. (Docket #86.)

9. On December 17, 2007, Robbins faxed his Responses and Objections to Plaintiff Rank DMS, LLC Requests for Admissions Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Responses to Requests for Admission") to Rank's counsel. Robbins did not respond to Rank's Interrogatories or Requests for Production and did not file an answer to the Second Amended Complaint at that time.

10. At the status hearing on December 18, 2007, Rank's counsel informed the Court that Robbins had not properly responded to the Requests for Admission and still had not responded to Rank's other discovery requests or answered the Second Amended Complaint. The Court ordered yet another continuance, until January 2, 2008, and ordered that Robbins provide his delinquent discovery responses and responsive pleading before that date. (Docket #88.) The Court also advised that the parties should discuss the deficiencies in Robbins's Responses to Requests for Admission.

11. Accordingly, on December 19, 2007, counsel for Rank wrote to Robbins, detailing the problems with his Responses to Requests for Admission and requesting amended responses by December 30, 2007. (See e-mail correspondence, attached as Exhibit A.)

12. The same day, Robbins responded to Rank's counsel and indicated that he would not provide amended responses to Rank's Requests for Admission, stating that he believed "a certain amount of leeway will be granted by the judge in terms of the form and particularity of my responses as I am without counsel and RANK . . . has a very experienced and large firm behind them that can devote themselves to reviewing [sic] my my [sic] answers to discovery."

(See e-mail correspondence, attached as Exhibit B.) Robbins also stated that he was "compelled both morally and ethically to contunue [sic] drawing this out." (Id.)

13. On December 29, 2007, by fax, Robbins indicated that he would send amended responses to Rank's Requests for Admission. (See correspondence attached as Exhibit C.) However, Robbins has not provided amended responses to date.

14. On December 31, 2007, counsel for Rank received a fax containing a cover sheet and eight pages allegedly containing Robbins's Responses to Rank's Interrogatories. Whole pages were clearly missing from the Responses. Rank's counsel informed Robbins of the incompleteness of his fax, yet Robbins sent another incomplete fax. Robbins did not send a complete, signed copy of his Responses until February 6, 2008, after yet another reminder from Rank's counsel on January 11, 2008. (See correspondence attached as Exhibit D.) Further, Robbins's long-awaited Responses to Interrogatories are patently non-responsive and inadequate.

15. Robbins still has not properly responded to Rank's Requests for Production, which were served on July 6, 2007. Between midnight and 1:00 a.m. on January 2, 2008, Robbins sent a series of e-mails to Rank's counsel, attaching about thirty documents that appear to be related to DDN. In a cover e-mail, Robbins stated, "In the essence of time, and in further cooperation to move this matter on quickly, i [sic] am attaching in a series of emails attachments of documents requested that i [sic] have in my possession to date per your REQUEST FOR PRODUCTION OF DOCUMENTS." (See e-mail correspondence, attached as Exhibit E.) Robbins has not provided written responses or objections to Rank's Requests for Production to date, nor has he produced the "several large moving boxes" of documents that he previously indicated Rank's counsel would receive. (Exhibit B.)

16. At the status hearing on January 2, 2008, Rank's counsel informed the Court of Robbins's failure to provide proper responses to discovery and to the Second Amended Complaint. The Court continued this matter yet again, to February 12, 2008. (Docket ##89, 90.)

17. On January 11, 2008, counsel for Rank wrote to Robbins detailing these deficiencies. (See correspondence attached as Exhibit D.)

18. After all this time, Robbins still has not filed a responsive pleading. Robbins told the Court at the January 2, 2008, status hearing that he had prepared an answer, but Rank did not receive anything even purporting to be a signed Answer to the Second Amended Complaint ("Answer") until February 6, 2008. That Answer still has not been filed with the Court. Further, Robbins has not provided any response at all to Count IV of the Second Amended Complaint, which states a claim for breach of contract by Robbins. Rather, it appears that Robbins simply re-titled his answer to the First Amended Complaint, added two improper affirmative defenses, and ignored the substance of the Second Amended Complaint.

19. The Court has never granted or denied Rank's Motion for Entry of Judgment (Docket #80) or Robbins's Motion to Set Aside Default (Docket #85). Thus, these motions are still pending before the Court, and the Court's Default Order still stands.

**Argument**

20. Robbins has not participated in this case in any way that merits granting his Motion to Set Aside Default. The Court granted the Default Order under Rule 55(a) because of Robbins's "fail[ure] to plead or otherwise defend" this action. Despite this Court's many generous extensions and continuances, Robbins has not filed or served a complete responsive pleading or proper responses to Rank's discovery requests, and he has not provided appropriate and truthful reasons to vacate the Default Order. In fact, his correspondence and behavior

demonstrate that he has no intention of defending this action in good faith but instead seeks to prolong this matter solely to harass Rank and cause it to incur further significant fees and costs. (See Exhibit B.)

21.     To vacate an entry of default, the defaulting party must show (1) good cause for default; (2) quick action to correct it; and (3) meritorious defense to the plaintiff's complaint. Pretzel & Stouffer, Chtd. v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994). Robbins has provided none of the above.

22.     Robbins has no good cause for failing fully to participate in this litigation. In his Motion to Set Aside Default, he attempted to justify his behavior up to that point by pointing to his pro se status and his care for his ailing parents. Robbins has made no representations that the issue with his parents has caused his continuing default since he swore that affidavit on November 2, 2007. Further, while Robbins repeatedly reminds Rank's counsel and the Court that he is appearing pro se, Robbins was licensed to practice law in California for thirteen years, and he understands the law and the rules of procedure. In fact, Robbins cites the law when it benefits him – for example, he prepared a Motion to Set Aside Default and supporting affidavit that accurately states two of the three factors for vacating a default, within one day of receiving Rank's Motion for Entry of Judgment. Robbins cannot possibly claim to lack time to respond at this point – the Second Amended Complaint has been on file since August 2007. Rank's Interrogatories and Requests for Production were served over seven months ago, and the Requests for Admission were served more than five months ago.

23.     In other words, Robbins has not taken the required "quick action to correct" his default. Pretzel & Stouffer, 28 F.3d at 45. Although Robbins continually promises to provide required information, he simply fails to meet any deadline set by this Court, and he openly

suggests that he does not think that he has to meet deadlines because he is <u>pro se</u>. (<u>See</u> Exhibit B.) Since Robbins filed his Motion to Set Aside Default, the Court has granted three continuances. Yet, three months later, Robbins still has not done any of the things that the Court told him to do or that he represented to this Court last month that he had done. Most importantly, Robbins has not fully answered the Second Amended Complaint, although it was his failure to answer that precipitated the Default Order in the first place. Robbins believes that he is "compelled both morally and ethically to cont[i]nue drawing this [litigation] out." (Exhibit B.) This Court has given Robbins a chance to redeem himself, and Robbins has forgone that opportunity.

24. Finally, Robbins has not shown a meritorious defense to Rank's claim. Rank has alleged counts for breach of contract against both DDN and Robbins. The Court noted, in its March 2, 2007, Order on Defendants' motions to dismiss, that because DDN was not in fact a corporation, Robbins "could not use DDN, Inc. as a shield to personal liability." (Docket #54, at 6-7.) Robbins has not provided any information in response to discovery or to the Second Amended Complaint that would prevent a finding that he is personally liable for DDN's unequivocal contract breach. In fact, he did not even answer this count in the Second Amended Complaint and his admissions in his limited discovery responses further support personal liability on this basis, as he has now admitted that he did represent that he was the CEO of DDN and signed its contract with Rank on behalf of DDN.

## Conclusion

Robbins has not filed a complete answer to the Second Amended Complaint or satisfied the requirements for vacating an order of default, although he has been given ample time to do so. In Robbins's affidavit in support of his Motion to Set Aside Default, dated November 2,

2007, Robbins stated, "it has taken me longer than I had thought to respond properly to plaintiff's motions and discovery requests." (Docket #85.) More than three months since he made that statement, Robbins still has not provided proper responses or participated in this litigation for any reason other than to delay and harass Rank. His only participation in this litigation is to throw together eleventh-hour filings and responses in the hope of delaying an inevitable judgment, because he cannot prevail on the facts. His charade should be brought to an end once and for all.

WHEREFORE, Rank DMS, LLC, a Delaware corporation, seeks entry of a default judgment in its favor and against Defendants Direct Disc Network, Inc., and Lance Robbins, a resident and citizen of California, jointly and severally, in the amount of $3,007,168.91.

Dated: February 8, 2008

Respectfully submitted,

**RANK DMS, LLC**

By: /s/ Sharon R. Albrecht
One of Its Attorneys

Sonya D. Naar – ARDC # 06239561
Sharon R. Albrecht – ARDC # 06288927
**DLA PIPER US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601
(312) 368-4000

**CERTIFICATE OF SERVICE**

   I, Sharon R. Albrecht, an attorney, on oath state that on February 8, 2008, I caused the foregoing Additional Opposition to Plaintiff's Motion to Vacate Default Order and Renewed Motion for Entry of Judgment to be electronically filed with the Court and served by overnight Fedex service and by e-mail to:

  Lance H. Robbins
  15233 Ventura Blvd., Ste. 408
  Sherman Oaks, CA 91403
  LHRProductions@aol.com
  lhrdirect@yahoo.com


            By: /s/ Sharon R. Albrecht
               Sharon R. Albrecht